524 S.E.2d 440

**STATE of West Virginia ex rel.
Terry HAYNES, Petitioner,**

v.

**WEST VIRGINIA PAROLE
BOARD, Respondent.**

No. 26006.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 1, 1999.

Decided Nov. 16, 1999.

Carrie Webster, Esq., Kanawha County Public Defender, Charleston, West Virginia, Attorney for Petitioner.

Darrell V. McGraw, Jr., Esq., Attorney General, Chad M. Cardinal, Esq., Assistant Attorney General, Charleston, West Virginia, Attorneys for Respondent.

PER CURIAM:

## I.

In August of 1980, petitioner Terry Haynes was convicted of four counts of felony murder, and was sentenced to four concurrent life sentences with mercy. Petitioner first became eligible for parole after serving 10 years of his sentence. The West Virginia Parole Board has annually reviewed petitioner for possible parole from 1991 through 1997. The Board rejected granting parole following each of these reviews.

In 1997, the West Virginia Legislature amended the parole statute, *W.Va.Code*, 62–12–13(a)(5) [1997] to permit the Parole Board to schedule (or "set-off") a prisoner's next parole interview for up to 3 years for persons serving life with mercy sentences.

In 1998, the Parole Board again reviewed petitioner's application for parole release, finding that "the circumstances of your crime merit continued incarceration."

The Board further found:

Due to your multiple convictions for law violations, the Board believes that there is a significant probability that you will commit additional offenses.

Recent community or official sentiment from your area in which your crime was committed indicates you may be a poor risk at this time.

Your record of violating prison rules indicates an inability to live by rules and regulations.

The Board also found that: "Your interview failed to convince the Board that your release on parole will be compatible with—or in the best interest of—society in general."

Pursuant to the amended statute, the March 12, 1998 decision of the West Virginia Parole Board gave the petitioner on a 2 year "set-off," scheduling his next parole interview for March 2000.

On September 1, 1998, the petitioner filed the instant petition for Writ of Habeas Corpus with the West Virginia Supreme Court of Appeals, alleging that the West Virginia Parole Board was violating federal and state constitutional prohibitions against *ex post facto* laws.

On December 14, 1998, this Court issued its opinion in *Carper v. West Virginia Parole Board*, 203 W.Va. 583, 509 S.E.2d 864 (1998). *Carper* upheld the constitutionality of the 1997 amendment to *W.Va.Code*, 62–12–13(a)(5), provided the statute is applied with certain procedural and constitutional protections. Syllabus Points 2 and 3 of *Carper* stated:

2. Under the *ex post facto* clause of the *West Virginia Constitution*, Article III, Section 4, the 1997 amendment to *W.Va. Code*, 62–12–13(a)(5) [1997] that allows parole review hearings to be conducted within a period of up to 3 years following the denial of parole for prisoners serving sentences of life imprisonment with the possibility of parole may be applied retroactively to prisoners whose relevant offenses occurred prior to the effective date of the statutory amendment.

3. To pass constitutional muster under the *ex post facto* clause of the *West Virginia Constitution*, Article III, Section 4, the

provisions of *W.Va.Code*, 62–12–13(a)(5) [1997] allowing up to 3 years between parole reviews for prisoners serving terms of life imprisonment with the possibility of parole must be applied on a case-by-case basis to prisoners whose offenses occurred at a time when the law prescribed annual parole reviews. The Board of Parole may only extend the period between parole review hearings for such prisoners beyond 1 year if the Board has made a case-specific individualized determination with reasoned findings on the record showing why there will be no detriment or disadvantage to the prisoner from such an extension. Additionally, due process requires that such a prisoner receiving a review period of more than 1 year must be afforded the opportunity to submit information for the Board's consideration during any extended period requesting that a review be granted before the expiration of the extended period.

This Court also stated: "We further conclude that as to prisoners other than Petitioner Carper, our ruling in the instant case is to be applied prospectively." *Id.*, 203 W.Va. at 591, 509 S.E.2d at 872.

On May 10, 1999, this Court issued an order directing the Parole Board to show cause why the writ should not be granted in the instant case, and appointed the Kanawha County Public Defender's Office to represent Petitioner Haynes.

On May 24, 1999, the Parole Board filed a written response to Haynes' petition relying on the Court's decision in *State ex rel. Carper v. West Virginia Parole Board*, and specifically on the finding that: "As to prisoners other than Petitioner Carper, our ruling in the instant case is to be applied prospectively." *Id.*

On July 30, 1999, Petitioner's counsel filed for and was granted leave to file a reply to the Parole Board's response. Petitioner therein amended the original pleading, now seeking the reversal of the Court's decision in *Carper*.[1]

## II.

We have examined our decision in *Carper* and see no reason to overturn it. *Carper* imposed sufficient restrictions on the provisions of *W.Va.Code*, 62–12–13(a)(5) [1997] to allow the statute to pass constitutional muster.

Consequently, the prayed-for writ is denied.

Writ Denied.

Judge FRED RISOVICH, sitting by special assignment.

Justice SCOTT did not participate in the decision of the Court.

DAVIS, Justice, dissenting:

Based upon the reasoning fully set forth in my dissenting opinion in *State ex rel. Carper v. West Virginia Parole Board*, 203 W.Va. 583, 509 S.E.2d 864 (1998), I respectfully dissent.

STARCHER, Chief Justice, dissenting:

Although I somewhat reluctantly authored the previous majority opinion in *Carper*, I dissent to the decision in this case. I do so because I do not think that the majority opinion in *Carper* went far enough in protecting the *ex post facto* rights of the petitioner in that case.

I have no problem with the propriety of the *Carper* decision's requiring certain standards and procedures of the parole board in granting parole set-offs of more than 1 year. I also have no problem with this Court establishing such standards and procedures so as to hold a statute constitutional. And, if the Legislature finds the standards to be objectionable and wants to establish other procedures and standards that meet constitutional muster, the Legislature can do so.

*Carper*, as far as it went, was fine. But *Carper* represents as far as three other members of this Court would go at the time it was being decided, and I joined them in going that far, and I wrote the opinion. That's jurisprudence.

---

**1.** Petitioner seeks in the alternative to permit petitioner to benefit from a new parole interview conducted consistent with the guidelines of *Car-*

*per*. Given the pendency of the above-styled petition when *Carper* was handed down, respondents have no objections to providing that relief.

But, to me, neither *Carper* nor this case goes far enough in taking a stand against any erosion of the vital and fundamental *ex post facto* clause of our constitution, and I feel the need to so state today.